**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1470
_____

UNITED STATES OF AMERICA

v.

DAMEIA O. SMITH,
also known as OMAR also known as D,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 99-cr-00445-001)
District Judge:  Honorable Gerald A. McHugh

_____

Submitted on Whether a Certificate of Appealability should issue
and on the Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 30, 2022
Before:  KRAUSE, MATEY and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed August 31, 2022)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Dameia Smith appeals the District Court's order denying his motion for compassionate release. For the reasons below, we will summarily affirm the District Court's order.

In 2000, Smith was sentenced to 481 months in prison after being convicted of Hobbs Act robbery, two counts of use of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c), solicitation of the murder of a federal witness, attempted murder of a federal witness, and unauthorized access of a computer in furtherance of a criminal act. In 2020, Smith filed a motion for compassionate release. After the District Court denied the motion, Smith filed a notice of appeal, and the Government filed a motion for summary affirmance of the District Court's order.

We have jurisdiction under 28 U.S.C. § 1291. Pursuant to 18 U.S.C. § 3582(c)(1)(A), a District Court may reduce a sentence if extraordinary and compelling reasons warrant such a reduction. Before granting compassionate release, however, a District Court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." Id. § 3582(c)(1)(A). We review a District Court's order denying a motion for compassionate release for an abuse of discretion and will not disturb that decision unless the District Court committed a clear error of judgment. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). We may summarily affirm a district court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

On appeal, Smith argues that the District Court abused its discretion by failing to "weigh all relevant factors collectively including the sentencing judge's comments." Response at iv. Smith observes that the District Court stated that it would have sentenced him to less time if it had the discretion. He also notes that Congress changed the mandatory minimum sentences for violations of § 924(c), and, although those changes were not made retroactive, he suggests that Congress intended for the courts to determine on a case-by-case basis whether a defendant sentenced before the changes is entitled to a sentence reduction. He contends that these nonretroactive changes and the length of his sentence, combined with other factors discussed below, establish extraordinary and compelling circumstances.

However, in United States v. Andrews, 12 F.4th 255, 261 (3d Cir. 2021), cert. denied, 142 S. Ct. 1446 (2022), we held that neither the length of a lawfully imposed sentence nor the non-retroactive changes to the mandatory minimum sentences for § 924(c) convictions establishes extraordinary and compelling circumstances and that neither is a basis for compassionate release. Quoting our parenthetical description in Andrews of a *contrary* holding of another Court of Appeals, Smith argues that while neither factor can create extraordinary and compelling reasons alone, these factors can be combined with others to establish extraordinary and compelling reasons. See Andrews, 12 F.4th at 261 (citing United States v. McGee, 992 F.3d 1035, 1048 (10th Cir. 2021)); Bluebook Rule 1.2(c) (including "but see" as a signal that indicates contradiction).

We explained in Andrews that those factors may be considered in any analysis of the § 3553(a) factors:

> [I]n holding that the statutorily required sentence or Congress's nonretroactive sentencing reductions are not extraordinary and compelling reasons for purposes of § 3582(c)(1)(A), we are not saying that they are always irrelevant to the sentence-reduction inquiry. If a prisoner successfully shows extraordinary and compelling circumstances, the current sentencing landscape may be a legitimate consideration for courts at the next step of the analysis when they weigh the § 3553(a) factors.

12 F.4th at 262. Thus, if a prisoner shows extraordinary and compelling circumstances, his lengthy sentence and the nonretroactive changes may be considered when the District Court weighs the § 3553(a) factors. Here, the District Court did not err in determining that Smith's lengthy sentence and the nonretroactive changes did not constitute extraordinary and compelling circumstances.

Smith points to other circumstances he believes are extraordinary and compelling: (1) that he was sentenced at age 26 and has served 22 years of his 481-month sentence; (2) the sentencing court's comments at sentencing; and (3) his elderly mother's health conditions. The District Court did not abuse its discretion in determining that these were not extraordinary and compelling circumstances. Accordingly, we need not address the District Court's weighing of the § 3553(a) factors.

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. As the District Court clearly did not abuse its discretion in denying Smith's motion for a sentence reduction, the appeal does not present a substantial question. We grant the Government's motion for summary action and will summarily affirm the District Court's judgment. See Third Circuit I.O.P. 10.6.[1]

---

[1] As Smith seeks in this appeal to only challenge the portion of the District Court's order denying his § 3582 motion, he does not need a certificate of appealability.